**UNITED STATES, Plaintiff,**

v.

**Dan MELVIN, Defendant.**

**Crim. No. 858–55.**

United States District Court
District of Columbia.

Feb. 11, 1957.

Allen J. Krouse, Washington, D. C., for the Department of Justice.

Leonard S. Melrod, Joseph V. Gartlan, Jr., Washington, D. C., for defendant.

LAWS, Chief Judge.

After defendant's conviction, a motion to set aside the verdict of the jury and for judgment of acquittal has been filed, argued and submitted by counsel. The conviction was of violation of an Act of Congress which provides, so far as applicable, as follows:

"Whoever, for the purpose of obtaining any loan * * * from any * * * corporation with the intent that such loan * * * shall be offered to or accepted by the Federal Housing Administration * * * or for the purpose of influencing in any way the action of such Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, * * *." shall be punished. 18 U.S.C. § 1010.

At the trial the Court instructed the jury that if it should find the false statements mentioned in the indictment were mailed in Maryland and delivered to a banking corporation in the District of Columbia, for the purpose denounced by the statute, the jury might find defendant guilty of having committed the crime in the District of Columbia. Defendant maintains this instruction was erroneous, for the reason that under the statute when the false statement is deposited in the mails, the offense is complete and venue is established at the point of mailing.

The Court is of opinion that the gist of this offense is the attempt to influence the action of the Federal Housing Administration—in this case by communication of the false statements to the lending bank, Columbia Federal Savings and Loan Association, in Washington, D. C.

The choice of a conduit in communicating the false statements to the lending bank has no bearing on the question of prosecution at that place. It makes no difference whether the false statements were mailed or delivered by defendant or his agent. The reasoning of Reass v. United States, 4 Cir., 1938, 99 F.2d 752, 755, is illustrative:

"* * * The statute on which the indictment is based was passed to protect the Federal Home Loan Banks from fraudulent attempts to secure favorable action on applications for loans and like matters. The gist of the offense is the attempt to influence the corporation, * * * and communication of the false statements to the corporation constitutes the very essence of the crime. It is in this sense that the statute condemns the making of a false statement for the purpose of influencing the bank. The mere assembling of the material and its arrangement in a written composition containing the misrepresentations of fact can have no effect, *and it is only when they are communicated to the lending bank that the crime takes place.*" (Italics supplied.)

If defendant's position were to be held correct, false statements might be composed and mailed by a person while temporarily outside the jurisdiction of the United States and notwithstanding in the usual course of events such statements would be received and acted upon by a lending bank in the United States, the crime could not be prosecuted. The Court cannot adopt such a strained construction. A passing, uttering or publishing does not end by an initial act of putting in motion, but continues until it reaches the point to which it is sent.

Title 18, Section 3237, of the United States Code covers this type of offense. It reads as follows:

"* * * any offense against the United States begun in one district and completed in another, or committed in more than one district,

**206**

may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

It is noted defendant's motion is for judgment of acquittal. The Court is of opinion that there was adduced circumstantial evidence from which the jury might reasonably have found the defendant personally uttered, passed or published the false statements in the District of Columbia. Accordingly, even if defendant's contention as to venue were correct, his remedy would be by motion for a new trial. Since defendant has elected to stand on his motion for acquittal, having expressly waived the right to file a motion for a new trial, his motion for a judgment of acquittal must be denied.

For the reasons stated, defendant's motion to set aside the verdict of the jury and for entry of judgment of acquittal will be denied.